# BOARD OF SUPERVISORS OF SANGAMON COUNTY

*v.*

# THE CITY OF SPRINGFIELD.

1. CONSTITUTIONAL LAW—*apportionment of county taxes between county and city.* Sec. 5 of Art. 9 of the constitution of 1848, requiring that taxes levied by counties, cities, etc., shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same, is not con. travened by a statute requiring a division and apportionment of county taxes when collected between the county and a city, and this, though the apportionment should unjustly discriminate against the county.

2. SAME—*legislative control over county revenue.* The revenues of a county are not the property of the county in the sense in which the revenue of a private corporation is regarded; and the power of the legislature to direct its application is plenary.

3. A county is a public corporation, which exists only for public purposes, connected with the administration of the State government. It follows that such a corporation, and of course its revenue, is subject to the control of the legislature, and when the legislature directs the application of its revenue to a particular purpose, or its payment to any party, a duty is imposed and an obligation created upon the county.

4. EVIDENCE—*certificates.* An act of the legislature for a division and apportionment of the county taxes between a county and a city within its limits, provided that the county judge of the county and the mayor of the city should ascertain the proportion of taxes to be paid to the city, and required the county treasurer to pay the city her portion. The act did not, in terms, require the county judge and mayor to make any certificate of their apportionment: *Held*, that their certificate was *prima facie* evidence against the county of the proportion of taxes to be paid to the city, otherwise the duty imposed upon them would be useless.

5. COUNTY—*liability.* In such a case, a direction by the legislature that when "the taxes are paid into the county treasury, the treasurer shall pay," etc., imposes an obligation upon the county on the refusal of the treasurer to comply. The liability of the county arises from the fact of having the possession of money through its agent, the treasurer, which belongs to the city.

6. APPORTIONMENT OF TAXES. Where an act of the legislature directed the county judge and the mayor of a city to apportion the county taxes between the county and a city upon a certain basis, which was done, it was *held*, in an action by the city to recover its proportion of such taxes, that there was no necessity for an annual action to apportion for each year; and

that the mere neglect of the city to obtain its portion for one or more years did not bar its claim for such years.

7.  MONEY HAD AND RECEIVED.  The count for money had and received may be maintained where the plaintiff has a just and legal right to the money sought to be recovered.  It lies for money which, equitably, the defendant ought to refund.

8.  ASSUMPSIT—*lies, when.*  Assumpsit may be supported for money, etc. accruing due to the plaintiff under the provisions of a statute, when there is no restriction to any other particular remedy.

9.  So, where, by a special act of the legislature, the county taxes were apportioned between the county and a city within its limits, and the county treasurer refused to pay the city her portion of such taxes: *Held*, that the money due the city from the county could be recovered in assumpsit, under the common counts.

10.  COUNTY GOVERNMENT—*change in.*  Some time after the passage of a law requiring the county judge and the mayor of a city to apportion the county revenue between the county and the city in a certain proportion, the county adopted the township organization system, and it was contended that this change in the county government had the effect to repeal or supersede the law, but it was *held*, that, as the legislature had named certain officers to perform this duty, the mere change in the system of county government did not supersede their powers and acts.

APPEAL from the Circuit Court of Macoupin county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

This was an action of assumpsit by the city of Springfield against Sangamon county, brought in the circuit court of Sangamon county.  The venue was changed to Macoupin county by agreement.  The declaration contained only the common counts.

The suit was brought under the 12th section of "An act to amend the charter of the city of Springfield," approved February 18, 1859, which is as follows:

"The county court of Sangamon county shall cause an accurate account to be kept of all expenditures made for county purposes, and shall charge all expenditures made for county purposes (excepting for the making and repairing of roads and

highways, and the building and repairing bridges) in said county, without said city, ratably to said county and to the city of Springfield in proportion to the taxes collected for the county purposes within said city, and in the county without said city, and paid into the county treasury by each respectively. And the surplus of all taxes which may be collected for county purposes, after making the charges to the city and county in the manner herein required, shall be divided between the said city and the said county in proportion to the amount of taxes collected for county purposes within said city and in the county without said city, and paid into the county treasury by each respectively. And the county judge of said county and the mayor of the city of Springfield shall ascertain the proportion of taxes to be paid to the city of Springfield under the requirements of this section, and so soon thereafter as the county taxes shall be paid into the county treasury, the treasurer of said county shall pay to the treasurer of the city of Springfield a sum equal to three-fourths of the proportion of said taxes to which the said city may be entitled under the provisions of this section, and the same shall be exclusively expended by said city in improving and repairing the streets, alleys and highways, and in the building and repairing of the bridges within the city."

On the trial of the cause, the city offered the following certificate:

"STATE OF ILLINOIS, }
Sangamon County. } ss.

We, A. N. J. CROOK, county judge of said county, and John W. Priest, mayor of the city of Springfield, in said county, do hereby certify that we have, in our official character as aforesaid, under and in virtue of section 12 of an act to amend the charter of the city of Springfield, approved February 18, 1859, ascertained the proportion of taxes to be paid to said

city by said county under the requirements of said section, as follows, to wit :

| | | | | |
|---|---|---|---|---|
| For the year 1867, | - | - | - | $11,997.19 |
| For the year 1868, | - | - | - | 8,809.91 |
| For the year 1869, | - | - | - | 9,377.25 |

And we do hereby, as such officers aforesaid, ascertain and find that the proportion of taxes to be paid by said county to said city for the years aforesaid, under the requirements of said section and law, is $30,184.35.

Dec. 8, 1870.                    A. N. J. CROOK,
                                         *County Judge Sangamon Co.*

                                    JOHN W. PRIEST,
                                         *Mayor of City of Springfield.*"

The defendants objected to this certificate as evidence against the county, but the court overruled the objection, and rendered judgment in favor of the city for the amount found to be due, and the defendants appealed.

Messrs. STUART, EDWARDS & BROWN, and Messrs. MORRISON & PATTON, for the appellants.

Messrs. ROBINSON, KNAPP & SHUTT, Mr. N. M. BROADWELL, and Messrs. PRICKETT & HAMILTON, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court :

The section of the statute, which is the basis of this suit, is cited in *The People ex rel. etc.* v. *Power*, 25 Ill. 190, in which case it was held that the legislature had power to enact the law.

The particular objection now urged to the constitutionality of the act was not then brought to the attention of the court.

It is now contended that the section is in violation of section 5 of article 9 of the constitution of 1848, which provides that

counties, cities, etc., may be vested with power to assess and collect taxes, which shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same.

The object of the section under consideration is, to apportion the taxes collected in the entire county, between the city and county. It has no reference whatever to the assessment and collection. There may be such an apportionment of the revenue as to unjustly discriminate against the county, and yet be no violation of the constitution. There must be uniformity and equality in the assessment of taxes by corporate authorities, but their application may be controlled by the legislature. Any division of the taxes, when collected, could not conflict with section 5 of the constitution, referred to.

In the case in 25 Ill. it was held, that the revenues of a county were not the property of the county, in the sense in which the revenue of a private corporation is regarded; that the legislature has power to direct its application; and that this power is plenary. This we regard as an answer to the objection urged.

The evidence introduced to procure the judgment, was the certificate of the county judge and the mayor of the city. This was objected to, as inadmissible and incompetent. The argument is, that the law does not require these officers to make a certificate ; and that to receive it as evidence is virtually making the officers judges of the facts and the law. The section of the statute does provide that the county judge and mayor shall ascertain the proportion of taxes to be paid to the city. They shall fix, establish, determine the proportion.

How can they perform this requirement so as to accomplish any beneficial purpose, unless they make some memorandum or certificate of their determination?

If the certificate is not evidence, then the duty imposed was useless, and could subserve no purpose whatever; and the part of the section, as to these officers, would be unmeaning.

But it is said that no duty is imposed by the act upon the county; that the ascertainment of the proportion of taxes to be paid is solely for the direction of the treasurer of the county; and, therefore, the certificate is not, in any event, evidence against the county.

The taxes must be paid into the county treasury, and when there they are under the control of the county, and it must be held responsible for any proportion due to the city, or to any third party. The treasurer is the mere agent, and must obey the authorities of the county. The direction in the act, that when "the taxes shall be paid into the county treasury, the treasurer shall pay, etc.," imposes an obligation upon the county, on the refusal of the treasurer to comply with the requirement. He is commanded to perform a purely ministerial duty. The liability of the county arises from the fact of having the possession of money which rightfully belongs to another party.

A county is a public corporation, which exists only for public purposes; connected with the administration of the State government; and may be controlled by the legislature. 2 Kent's Comm. 306. Such a corporation, and of course its revenue, is subject to the control of the legislature. *County of Richland* v. *County of Lawrence,* 12 Ill. 1.

When, therefore, the legislature directs the application of the revenue on deposit in the treasury to a particular purpose, or its payment to any party, a duty is imposed, and an obligation created, upon the county.

We are of opinion that the certificate of the county judge and the mayor was, at least, *prima facie* evidence of the proportion of taxes to be paid to the city. The mode of ascertainment and the result might have been rebutted by the county, but no such attempt was made.

We can perceive no necessity for annual action in determining the proportion of taxes to be paid. The mere neglect of the city to obtain its portion for one or more years ought not to bar its claim for such years.

Can the money be recovered in an action of assumpsit?

The count for money had and received may be maintained where the plaintiff has a just and legal right to the money. It lies for money which, equitably, the defendant ought to refund.

Mr. Chitty (1 Plead. 106,) says that, assumpsit may be supported for money, etc., accruing due to the plaintiff under the provisions of a statute, where there is no restriction to any other particular remedy.

In this case no special remedy has been given. By operation of the law, the taxes were paid into the treasury for the use of the city. It has a just and legal right to the proportion when ascertained; in justice, the county ought not to retain it, and assumpsit will lie.

The remaining objection is, that the section under consideration is absolutely repealed by the radical change effected in the management of the business of the county by the adoption of township organization, and from the fact that the county judge is not now a constituent member of the tribunal which administers the financial affairs of the county.

This argument is based upon a misapprehension of the law. In counties where township organization does not exist, the making and repair of roads, and the erection and repair of bridges, are not exclusively under the control of the county court. There are road districts and road supervisors, and the taxes in each district are, by law, appropriated to the work in the district in which they are assessed. Scates' Comp. 565, 566.

Where township organization has been adopted, the burden is not entirely put upon the several townships. The board of supervisors have the right to appropriate funds out of the county treasury to aid in the construction of roads and bridges. Haines' Comp. 53.

But the legislature has named certain officers for the performance of a duty, and we can not hold that they have been

superseded by a mere change in the system of county government. The law can be executed now, as well as before the change; and a repeal by implication is never favored. A court should never so adjudge, unless the two acts are so inconsistent that both can not be carried into effect. *Board of Supervisors* v. *Campbell*, 42 Ill. 490.

We think that the judgment should be affirmed.

*Judgment affirmed.*