THE PEOPLE *ex rel.* John C. Richberg

*v.*

THE TRUSTEES OF SCHOOLS T. 39 N., R. 13 E.

1. MANDAMUS — *relator must show a clear right.* The party seeking a writ of *mandamus* must show a clear right to it in his petition. If the proceeding is to enforce an apportionment and division of the school fund of a township after the division of the township, the relator must show some vested right in the fund.

2. SCHOOL FUND — *apportionment on division of a township.* By an act of the General Assembly the western limits of the city of Chicago were extended west so as to take in about two ranges of sections in an adjoining township,

leaving a greater portion of the township as it was previously, and containing section 16. Upon an application for a *mandamus* to compel an apportionment between the city and the remaining portion of the township of the rents, profits, and interests arising from the 16th section, to be applied to school purposes, it was *held*, the division of the township in the manner indicated, leaving the 16th section in the western division and comprising the greater part of the township, did, *ipso facto*, grant to that portion of the township section 16, and the rents, issues, and profits thereof, to be administered by the trustees of schools of that township for their own uses and purposes.

3. Where a township is divided, the remaining part will retain all its property, real and personal, unless a different disposition has been made by the terms of the division.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. W. W. PERKINS, for the appellant.

Messrs. TULEY, STILES & LEWIS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a petition to the Superior Court of Cook County, by the people, on the relation of John Richberg, claiming to be a resident, legal voter, and tax payer of the city of Chicago, and president of the Board of Education of that city, praying, on allegations therein contained, that a *mandamus* issue against the trustees of schools of township 39 north, range 13 east, to compel them to apportion and place to the credit of the city for the use of the inhabitants of that portion of congressional township 39 north, 13 east, lying within the city of Chicago, for the use of schools, such portion as the law prescribes of all the rents, profits, and interests arising from the 16th section in that township, subject to distribution for the maintenance of free schools in that township.

The allegation of the petition is, that by an act of the General Assembly, passed in 1869, the western limits of Chicago were extended west, so as to take in about two ranges of sections in township 39 north, range 13 east, leaving the greater portion of the township as it always

was, and containing section sixteen.   This section is admitted to be granted to the State, for the use of schools, and it is alleged, since the act of the Legislature above referred to, exclusive authority and jurisdiction have been exercised over this section by the school trustees of the dismembered township, without regard to the rights and claims of the residents upon that part of the township included in the city by the operation of the act of 1869.

There was a general demurrer to the petition, which was sustained, and judgment rendered against the relator, to reverse which he appeals.

We are of opinion the demurrer was properly sustained, there being nothing in the allegations of the petition demanding this writ.   The relator has no vested right in the school fund of township 39 north, range 13 east, and is, therefore, in no position to ask for this writ.   *The People* v. *Hatch*, 33 Ill. 140, and other cases.   The principle is, the party praying the writ must show a clear right to it.

The question presented by the record is, what effect had the act of 1869, dividing this township, upon the school fund of the township arising out of the proceeds of the sale of section 16?   How was that fund to be administered after the division?   It will not be denied the Legislature had power to change the boundaries of the town, nor will it be denied the school lands are under legislative control.   It may often happen, in the exercise of legislative power over these subjects, a portion of the people can not receive the same amount of benefit from the school fund they would receive had there been no interference ; but in this particular case this hardship can not be urged, or any complaint made on that score, for, by attaching these sections on the east side of the township to the city of Chicago, they became a component part of that municipality, and entitled to all the   educational   facilities   and   benefits a city so great can and does furnish, far surpassing those which rural districts are able to confer.

We think the division of the township in the manner in-

dicated, by the act of 1869, leaving the 16th section in the western division and comprising by far the greater part of the township, did, *ipso facto*, grant to that portion of the township section 16, and the rents, issues, and profits thereof, to be administered by the trustees of schools of that township for their own uses and purposes. Nor do we think this fund could be legally administered in any other efficient and profitable manner; there would be a clashing of jurisdiction and of interests, resulting injuriously to the schools.

It can not be claimed, as urged by appellant, the children remaining in the part attached to Chicago are deprived of the beneficence of the government, but their school privileges and advantages are greatly enhanced. It is best for both parties that the city with its extended limits should be a unit for school purposes, and the town of Cicero, also. There is a natural equity, when a township is divided, the old township should retain all its property, real and personal, unless a different disposition has been made by the terms of the division; and the law is to this effect. *Commissioners of Laramie County* v. *Commissioners of Albany County et al.* 2 Otto, 307.

We are of opinion the demurrer was properly sustained, the relator having no good ground for his complaint, and the judgment must be affirmed.

*Judgment affirmed.*