## THE PEOPLE OF THE STATE OF ILLINOIS EX REL.

### v.

## TRUSTEES OF SCHOOLS.

*Mandamus—Quo Warranto—Schools—Treasurer—Office of—Practice.*

1. Mandamus will not lie where the right sought to be enforced is doubtful. The granting or refusal of the writ is discretionary.

2. Large discretion should be indulged to the trustees of schools in the appointment of their treasurer, and where a selection has been made, but before they have been notified of an acceptance of the trust by the appointee and before a bond has been presented, they may rescind their action and make another appointment.

3. Where an office is already filled by an incumbent, exercising its functions under color of right, mandamus will not lie to compel the admission of another claimant, nor to determine the question of title.

4. The office of the writ of mandamus, when directed to subordinate tribunals exercising judicial or discretionary power, is to compel them to act where it is their duty to act, but never to compel them to decide in a particular manner.

### [Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Ogle County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

On the 7th of April, 1890, at a meeting of the trustees of schools of Town. 24, R. 9 E., of Ogle County, a ballot was taken for treasurer, resulting in appellant's receiving two votes and one A. M. Newcomer one vote.

Without taking further action the trustees then adjourned. At a meeting held three days afterward, April 10th, the trustees reconsidered their action in electing appellant and appointed Newcomer treasurer of the town for two years, and Newcomer presented his treasurer's bond with two sureties and the same was thereupon approved. Newcomer at once entered upon the discharge of his duties as such officer, and his bond was delivered to the county superintendent of schools and filed for record. On the day following Newcomer's appointment,

appellant executed a treasurer's bond with sureties and applied to the trustees for its approval, which was declined upon the ground that they had appointed Newcomer to the office and had approved his bond.

On the 15th day of the following August, appellant filed in the Circuit Court, a petition for a writ of mandamus to compel the trustees to approve his bond and forward the same to the county superintendent of schools to be filed in his office. Issue was taken on two pleas filed, one alleging that the petitioner never was in fact appointed to the office of treasurer, and the other alleging the appointment and qualification of A. M. Newcomer as such treasurer.

On a trial by the court the issues were found for the defendant, the writ of mandamus denied, and judgment rendered against the petitioner for costs.

Messrs. D. D. O'Brien and J. C. Seyster, for appellant.

Mr. H. A. Smith, for appellees.

Harker, J. There is nothing better settled in the whole domain of the law, than that mandamus will not lie where the right sought to be enforced is doubtful.

The court to whom application is made, exercises a discretion in granting or refusing the writ, and if the right be doubtful the writ will be refused. Prior to the amendatory act of 1874, it was settled by a uniform current of decisions in this State, that the writ should be denied wherever the right was either doubtful or where there was some other adequate remedy at law. While the effect of that act has been to change the rule so far as regards the application of mandamus where there is another equally appropriate remedy at law, the rule is still inflexible that the action will not lie where the right is doubtful; the party praying the writ must show a clear right to it. County of St. Clair v. The People ex rel. Keller, 85 Ill. 396; The People ex rel. v. Lieb, 85 Ill. 484; The People ex rel. v. The Trustees of Schools, 86 Ill. 613; The People ex rel. v. Davis et al., 93 Ill. 133; The People v.

Village of Crotty, 93 Ill. 180; The People ex rel. v. Johnson, 100 Ill. 537.

The statute makes the treasurer *ex officio* clerk of the board of trustees. He is the keeper of their records, and·is intimately associated with him in the performance of their official duties.

The statute also makes them personally liable for the sufficiency of the securities taken upon the treasurer's bond. It is highly important to the trustees, then, that the person selected should be not only capable of discharging efficiently the duties of clerk, but also a man of approved integrity. For that reason we feel that large discretion should be indulged to the trustees in the appointment of their treasurer, and are very much inclined to the opinion that where a selection has been made, but before they have been notified of an acceptance of the trust by the appointee, and before a bond has been presented, they may rescind their action and make another appointment.

At the time of the presentation of the petition, A. M. Newcomer, by virtue of the appointment of April 10th, the giving and approval of his bond, and the filing of it with the county superintendent, had been installed into the office of treasurer and was exercising its functions. It is apparent on the face of the pleadings that the issues presented involved a determination as to whether appellant or Newcomer was appointed to the office and entitled to exercise its functions. Claiming it, and seeking to become installed into it, as appellant does, his appropriate remedy (if he has any) would appear to be by information in the nature of *quo warranto*. Where an office is already filled by an incumbent, exercising its functions under color of right, mandamus will not lie to compel the admission of another claimant, nor to determine the question of title.

In the matter of approving the township treasurer's bond the trustees exercise discretion. They are the judges of the sufficiency of the sureties. The petition in this case seeks to compel them to receive and approve the bond—not merely to act in the matter.

The office of the writ of mandamus when directed to subordinate tribunals exercising judicial or discretionary power, is to compel them to act where it is their duty to act, but never to compel them to decide in a particular manner.

A subordinate body can be required to act, but not how to act, in a matter as to which it has the right to exercise its judgment. The trustees, being vested with the power to determine whether the sureties on a treasurer's bond are sufficient, will not by mandamus be compelled to decide that they are. Kelly et al. v. City of Chicago et al., 62 Ill. 279; The People ex rel. v. Dental Examiners, 110 Ill. 180; The People v. The Mayor, 25 Wend. 680; The People ex rel. v. Council of Troy, 78 N. Y. 33.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*

Justice CARTWRIGHT, having tried this case in the Circuit Court, took no part in its decision here.