70          APPELLATE COURTS OF ILLINOIS.

Town of Bloomington v. Town of City of Bloomington, 185 Ill. App. 70.

## Town of Bloomington, Plaintiff in Error, v. Town of City of Bloomington, Defendant in Error.

1. MUNICIPAL CORPORATIONS, § 53*—*legislative control of funds raised by taxation.* Since municipal corporations are subject to legislative control and may be changed, modified, enlarged, restrained or abolished by the legislature, the public, county and township funds are under such control.

2. TOWNSHIP ORGANIZATION, § 20*—*funds which may be apportioned on division of a town.* Under Hurd's R. S. ch. 139, § 32, J. & A. ¶ 11264, concerning the apportionment of funds of a town when it is divided, unexpended funds raised by taxation are to be apportioned, though the taxes were levied for a special purpose.

3. TOWNSHIP ORGANIZATION, § 20*—*when judgment in favor of original town apportionable upon division of the town.* Where a town is divided, the new town is entitled to an apportionment of a judgment recovered by the original town against a city embraced within the boundaries of the new town for taxes paid to it under a void statute, though part of the judgment was for taxes levied and collected on property within the city under R. S. ch. 121, § 14, J. & A. ¶ 9641, to build bridges in the original town.

4. TOWNSHIP ORGANIZATION, § 20*—*when right to apportionment on division of a town not defeated.* In apportioning taxes levied and collected upon a division of a town, the fact that a city embracing the same territory as the new town had been paid its proportionate share of such taxes does not deprive the new town of its right to an apportionment under the statute; the new town and the city are distinct municipalities.

Error to the County Court of McLean county; the Hon. HOMER W. HALL, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913. *Certiorari* denied by Supreme Court (making opinion final).

STONE, OGLEVEE & FRANKLIN, for plaintiff in error.

WILLIAM R. BACH, A. W. PEASLEY and BARRY & MORRISSEY, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Prior to April 4, 1912, the territory within the city

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

of Bloomington was partly in the town of Bloomington and partly in the town of Normal. On April 4, 1912, the territory within the city of Bloomington was organized into a new township called "Town of the City of Bloomington." *People v. Grover,* 258 Ill. 124. At the time of the organization of the town of the city of Bloomington, the town of Bloomington was possessed of certain credits, moneys and personal property. The town of Bloomington and the town of the city of Bloomington being unable to agree upon a division or apportionment of said credits and moneys, submitted the matters in controversy to the County Court of McLean county pursuant to section 36 of chapter 139 of Hurd's Statutes. (J. & A. ¶ 11268.)

A stipulation was made agreeing upon the following facts:

(1)   That the town of the city of Bloomington was legally organized on April 4, 1912.

(2)   That .854 of the taxable property of the town of Bloomington prior to April 4, 1912, was within that portion of the corporate limits of the city of Bloomington in Bloomington township which now lies wholly within the town of the city of Bloomington, as determined by the last assessment for said town prior to April 4, 1912.

(3)   That .146 of the taxable property in the town of Bloomington prior to April 4, 1912, was contained in that portion of the township of Bloomington that is without the corporate limits of the city of Bloomington and without the territory now contained within the town of the city of Bloomington.

(4)   That the People's Bank of Bloomington now holds $3,643.18, which belongs to the town of the city of Bloomington and the town of Bloomington in the proportions above specified.

(5)   That said bank also holds $7,106.42, which was collected for road and bridge purposes in the town of Bloomington for the year 1911 by the town collector, which is claimed by the highway commissioners of the

present town of Bloomington and is also claimed by the city of Bloomington.

(6)    That the city of Bloomington received from Cyrus Frank, the town collector of the town of Bloomington, $7,122.16, which is one-half of the road and bridge taxes collected for 1911, from property within the corporate limits of the city of Bloomington.

(7)    That the highway commissioners received from the said town collector from the road and bridge taxes for 1911, the sums of $1,392.68 and $1,039.83; the said sum of $1,039.83 being claimed by the city of Bloomington to have been erroneously paid to said commissioners and is in controversy in this proceeding.

(8)    That the city of Bloomington received from P. M. Stubblefield, county collector, the sum of $5,-140.88, road and bridge, telephone, telegraph and railroad taxes, which sum constituted one-half of the said taxes collected by said county collector from property within the corporate limits of the city of Bloomington.

(9)    That the highway commissioners of Bloomington township received from said Stubblefield $8,-861.35, road and bridge, telegraph, telephone and railroad taxes, of which sum all but $1,245.88 are the subject of controversy here, $3,895 of the same being claimed by the city of Bloomington, and of the balance after deducting the $1,245.88 and the $3,895 the town of the city of Bloomington claims, .854 per cent.

(10)    That the supervisor of Bloomington township held $770.38 of dog tax and also held a balance of $165.13 township funds, which are to be distributed in the proportion shown in stipulations two and three.

(11)    That the highway commissioners of Bloomington township levied for the year 1909, the limit of 36 cents for road and bridge purposes under section 13 of the Road and Bridge Law (J. & A. ¶ 9640), and made a certificate that a contingency existed requiring a greater levy and obtained the consent of the board of town auditors and assessor for an additional levy of 25 cents under section 14 of the Road and Bridge Law

as amended in 1909 (J. & A. ¶ 9641), which said levies
were spread upon the property of the township and
collected; that the city of Bloomington, a city with
more than 20,000 inhabitants, was located partly in the
township of Bloomington and partly in the township
of Normal; that said levy of 61 cents upon the taxable
property within the city of Bloomington, that was lo-
cated in Bloomington township, realized the sum of
$40,987.78 after the payment of the costs of levy and
collection; that the whole of said $40,987.78 was paid
over to the treasurer of the city of Bloomington; that
of said sum the levy under section 14 produced $16,798
and the levy under section 13 produced $24,189.48;
that the board of highway commissioners recovered a
judgment on June 3, 1911, against the city of Bloom-
ington for the whole of said taxes levied under section
14, viz., $16,798, and for one-half of the taxes under
section 13 above mentioned, which judgment was there-
after affirmed by the Supreme Court for $28,652.61 and
said judgment is still unpaid.

Evidence was heard showing that the contingency,
for which the 25 cent levy under section 14 of the Road
and Bridge Act was made, was the construction of two
new bridges, both outside the limits of the city of
Bloomington; that they were old bridges before the
levy was made at the places where the new bridges
were to be built and the old bridges are still in use
although they have been repaired.

The County Court found that the judgment in favor
of the highway commissioners of the town of Bloom-
ington against the city of Bloomington is $28,652.61 and
interest thereon $2,674.22; that the town collector of
Bloomington township collected $16,661.09 road and
bridge taxes in Bloomington township for the year
1911 prior to April 4, 1912; that one-half of the said
amount of road and bridge taxes collected within the
city of Bloomington was $7,122.16 and was rightfully
paid to the city treasurer of the city of Bloomington
by the town collector; that the remaining half of the

road and bridge taxes collected by the town collector within the city of Bloomington together with the road and bridge taxes collected in the town of Bloomington without the city of Bloomington amount to $9,538.93, and of that sum fourteen and six-tenths per cent. thereof was rightfully paid to the highway commissioners of Bloomington township but that $1,039.83 was wrongfully paid to the highway commissioners of Bloomington township and that said sum together with $7,106.42 in the People's Bank should be divided in the manner hereinafter directed; that the county collector of McLean county collected $14,002.23 delinquent road and bridge, telephone, telegraph and railroad taxes for 1911, of which amount $5,140.88 constituted one-half of said taxes collected within the corporate limits of the city of Bloomington and was rightfully paid to the treasurer of the city of Bloomington by the county collector, and that the balance of said amount, $8,861.35, being the remaining half of said taxes collected within the city of Bloomington and all of said taxes collected in the town of Bloomington without the city of Bloomington was erroneously paid to the highway commissioners of the town of Bloomington, and the same should have been divided in the manner hereinafter provided.

The court found that the total amount in controversy is $47,088.55, and that said sum is composed of moneys, credits and property of the town of Bloomington immediately prior to the organization of the town of the city of Bloomington and remained unexpended on the date of the organization of said new township, and of which sum $8,655.30 has already been paid to the highway commissioners of Bloomington township.

The court ordered that the town of the city of Bloomington is entitled to receive $40,204.42, which is eighty-five and four-tenths per cent. of said $47,088.55, and the town of Bloomington is entitled to $6,884.13, which is fourteen and six-tenths per cent. of said $47,-

088.55, and that said fund of $47,088.55 be so apportioned between said town of Bloomington and the town of the city of Bloomington by the proper officers. The town of Bloomington appeals from that order.

No question is raised over the calculations made by the County Court, the only questions raised are concerning the legal principles adopted for the distribution of the moneys in controversy. The first contention of appellant is that the $16,789.06, part of the judgment for $28,652.61 and interest recovered in June, 1911, in favor of the highway commissioners of the old town of Bloomington should not be divided and apportioned as is provided for the division of property of a town when the town shall be divided, because such part of the judgment was for taxes levied and collected on the part of the property within the city of Bloomington that was within the original town of Bloomington under section 14 of chapter 121 of the Statutes (J. & A. ¶ 9641), which provides for an additional levy of road and bridge taxes for an emergency, which emergency was the building of two bridges in the original town of Bloomington.

The next contention of appellant is that the new town of the city of Bloomington embraces the same territory as the city of Bloomington, and the city of Bloomington having, at the time the said taxes, viz., the remainder of the taxes for which the judgment was rendered and the road and bridge taxes for 1911 were collected, received half of said taxes as provided by the statute, the new town of the city of Bloomington is not entitled to any part thereof because it would be making a second division with the same territory.

The legislature had full and exclusive power to provide whether and in what manner the property and funds of the old town of Bloomington should be divided when the new town, the town of the city of Bloomington, was organized which included a part of the territory of the old town. It exercised its power and authority by enacting section 32 of chapter 139 of the Statute (J. & A. ¶ 11264), which provides: ''When

76    APPELLATE COURTS OF ILLINOIS.

Town of Bloomington v. Town of City of Bloomington, 185 Ill. App. 70.

two or more towns, any one of which are possessed of or entitled to moneys, rights or credits, or other personal estate, shall be united, or when a town possessed of or entitled to moneys, rights or credits, or other personal estate, shall be divided or altered, such personal estate including moneys, shall be apportioned between the towns interested therein by the supervisors and assessors of such towns according to the amount of taxable property in the town or towns united, divided or altered, as the same existed immediately before such union, division or alteration, to be ascertained by the last assessment list of such towns; and such supervisors and assessors shall meet for the purpose aforesaid as soon as may be, after such union, division or alteration.''

The judgment against the city of Bloomington for $28,652.61 was for road and bridge taxes paid to the city of Bloomington in excess of its lawful share under a void statute. *Highway Commissioners v. City of Bloomington*, 253 Ill. 164.

It is argued that the taxes levied on the property in the city of Bloomington for the erection of the bridges in the town of Bloomington outside of the limits of the city of Bloomington may not be diverted from the purpose for which they were levied. The fund arising therefrom is unexpended and no debt has been incurred because of such levy. The equities of this matter are not before the court. No question of the validity of section 32 of chapter 139 can be raised in this court. The language of that section is clear and free from ambiguity, there is no room for construction and this court has no authority to revise or annul its provisions. It has been held by the highest court in this State that where taxes were levied and collected ''for the purpose of building a jail, erecting bridges and other public improvements,'' and a special charter of a city within the county required a division of the county taxes in proportion to the amount collected within and without the city, that the city was entitled

to its share of the county taxes although they were levied for a special purpose. *Board Sup's Logan County v. City of Lincoln*, 81 Ill. 156; *Board Sup's Sangamon County v. City of Springfield*, 63 Ill. 66.

Municipal corporations are subject to legislative control and may be changed, modified, enlarged, restrained or abolished at the pleasure of the legislature. *People v. Grover*, 258 Ill. 124; *Coles v. Madison County*, Breese, 154. Having this power the public, county and township funds are under legislative control. *Board Sup's Sangamon County v. City of Springfield*, 63 Ill. 66; *City of Chicago v. Manhattan Cement Co.*, 178 Ill. 372; *Heffner v. Cass & Morgan Counties*, 193 Ill. 439. The words of the statute concerning the apportionment of the funds of a township when it is divided, being clear and unambiguous, must be given their usual and ordinary meaning and courts cannot change the clear meaning of the words used, even though the consequences appear not to be such as were contemplated (*Diederich v. Rose*, 228 Ill. 610), and any suggestions for a change on account of injustice must be addressed to the legislature and not to the courts. *Rudolph Wurlitzer Co. v. Dickinson*, 247 Ill. 27; *People v. Evans*, 247 Ill. 547.

The contention that the city of Bloomington having received half of said road and bridge taxes, therefore the new town of Bloomington has no right to receive its proportionate share of the funds belonging to the old township when the new one was organized is fully answered by the fact that the city of Bloomington and the town of the city of Bloomington are separate and distinct municipalities. The township of Bloomington is entitled to its proportionate share without regard to what the city of Bloomington, a distinct and different municipality, received.

This is a statutory proceeding and the County Court appears to have strictly followed the statute. We find no error in the judgment and it is affirmed.

*Affirmed.*