DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1922.

---

### Road District No. 6, Appellant, v. John J. Tygett et al., Appellees.

HIGHWAYS AND STREETS—*disposition of taxes upon division of road district.* A road district to which has been annexed, under the provisions of Cahill's Ill. St. ch. 121, ¶ 47, certain lands detached from another district, after the levy of taxes against the lands detached but before collection thereof, is not entitled to enjoin the tax collector from paying such taxes when collected to the old district and to a division of such taxes, in the absence of any legislative provision for such division.

Appeal from the Circuit Court of Union county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1922. Affirmed. Opinion filed April 28, 1922.

JAMES LINGLE, for appellant.

DEWEY & CUMMINS, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

In September, 1920, the county board detached cer-

tain lands from Road District No. 9 and annexed the same to the territory of appellant under the provisions of paragraph 47, ch. 121, Cahill's Ill. St. Prior to that alteration Road District No. 9 had levied taxes against the lands so detached which were collected by the tax collector subsequent to the annexation.

Appellant filed a bill in chancery to enjoin the collector from paying the taxes to Road District No. 9, and prayed for an accounting and relief. Appellees interposed a demurrer which was sustained, and the court dismissed the bill for want of equity.

Appellant contends that the court erred in sustaining the demurrer and dismissing the bill. It contends that all of the equities are in its favor and that it would be highly unjust to deprive it of the taxes that were levied and collected from the owners of the detached lands.

It should be borne in mind that municipal corporations are subject to legislative control and may be changed, modified, enlarged, restrained or abolished at the pleasure of the legislature: *People v. Grover*, 258 Ill. 124. Having that power the public, county and township funds are under legislative control. *Board Sup'rs Sangamon County v. City of Springfield*, 63 Ill. 66; *City of Chicago v. Manhattan Cement Co.*, 178 Ill. 372; *Heffner v. Cass and Morgan Counties*, 193 Ill. 439.

The legislature, then, had full and exclusive power to provide whether and in what manner the property and funds of the old district should be divided when a part of its territory was detached and annexed to appellant under the cases above cited and *Town of Bloomington v. Town of City of Bloomington*, 185 Ill. App. 70-75. The legislature has not seen fit to make any provision for a division of the property and funds of a road district from which territory is taken and added to another district.

In 1877, the Supreme Court held that: "There is a

natural equity, when a township is divided, the old township should retain all its property, real and personal, unless a different disposition has been made by the terms of the division; and the law is to this effect." *People v. Trustees of Schools*, 86 Ill. 613.

The legislature knew that if it authorized the alteration of the boundaries of a municipal corporation and made no provision for a division of the property and funds of the old corporation there would be no division thereof. So when the legislature thought it proper to require a division in such cases it has done so. When a part of a city, village or incorporated town is annexed to another city, village or incorporated town, taxes previously levied on the detached property must be apportioned between the two municipalities. J. & A. St. ¶ 1646 [Cahill's Ill. St. ch. 24, ¶ 435].

Similar provision is made when a part of a school district organized under a special charter is annexed to another district. J. & A. St. ¶ 1630 [Cahill's Ill. St. ch. 24, ¶ 419]; Callaghan's 1916 St. ¶ 1623 [Cahill's Ill. St. ch. 24, ¶ 412]; J. & A. St. ¶ 1646 [Cahill's Ill. St. ch. 24, ¶ 435].

Where the legislature makes no provision for a division of funds and property the old district retains all the assets. *People v. Trustees of Schools*, 86 Ill. 613. And when it makes provision for a division of assets the same is binding on the courts even though it appears to be highly inequitable in a particular case. *Town of Bloomington v. Town of City of Bloomington*, 185 Ill. App. 70.

It has been held that when taxes were levied and collected "for the purpose of building a jail, erecting bridges and other public improvements," and a special charter of a city within the county required a division of the county taxes in proportion to the amount collected within and without the city, that the city was entitled to its share of the county taxes although they

were levied for a special purpose. *Board Sup'rs Logan County v. City of Lincoln*, 81 Ill. 156.

Any suggestion of injustice must be addressed to the legislature, which has exclusive control of the matter, and not to the courts. *Rudolph Wurlitzer Co. v. Dickinson*, 247 Ill. 27; *People v. Evans*, 247 Ill. 547. If Road District No. 9 had collected the taxes in question before the land was detached, its right to retain the same could not be questioned, seriously. The fact that the taxes had been levied but not collected prior to the alteration does not give appellant any greater right thereto. The taxes, when levied, were property and funds that would be due at a future date and were assets of Road District No. 9 to the same extent as if actually collected.

The legislature has not authorized a division thereof with appellant and the court properly sustained the demurrer and dismissed the bill for want of equity.

The decree is affirmed.

*Affirmed.*