EDWARD MARTIN *et al.*

*v.*

THE PEOPLE *ex rel.* Louis C. Huck, County Collector.*

1. TOWN—*what is meant by the word in a statute.* The word "town," as found in our statute, is not always used in the same sense. Under the township

---

* Cases in which the persons named below were appellants, are considered in the opinion in this case: Joseph Drexel, Maria Lamb *et al.*, Granville S. Thomas, R. L. Hale *et al.*, J. C. McCullough *et al.*, and Oney White *et al.*

system, a town is a species of municipal incorporation, and constitutes an integral part of a county; and such towns are clearly interwoven with the management of county affairs, and generally embrace a township according to government surveys. The word, as used in the Rev. Stat. of 1845, referred to a different kind of incorporation. Such an organization was formerly always called "an incorporated town," while in our later statutes they are frequently called "villages," but mean the same thing.

2. SAME—*town of Lake.* The town of Lake, in Cook county, under its special charter, is merely an incorporated town, or, in other words, an incorporated village, possessing all the powers usually conferred upon cities and villages, and of the character conferred upon cities and villages, by the general law of 1872.

3. The town of Lake was and is a village, in the sense in which that word is used in section 168 of the general act of 1872, relating to cities and villages, and as such is authorized to adopt the provisions of article 9 of that act, for the collection of taxes and special assessments, by way of amendment to its charter.

APPEAL from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

Mr. EDWARD ROBY, for the appellants.

Messrs. KRETZINGER & VEEDER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

These cases are all exactly alike, except in the name of the party or parties appealing, the amount of the judgment, and the description of the land against which judgment is given in them, respectively. In each the same questions are presented.

The proceeding is one instituted and prosecuted by the county collector of Cook county, for the collection of certain special assessments, levied by the town of Lake upon the real estate within its bounds. The mode of collection is that pointed out in article 9 of the General Incorporation act for cities and villages, passed in 1872, and incorporated into the Revised Statutes of 1874. Under that section, adopted by the board of trustees of the town of Lake, the board had procured the special assessment in question to be made, and adjudged correct

in the circuit court of Cook county. This was an application, by the county collector, for judgment against the lands upon which the special assessment had been levied for the unpaid part of the same.

Section 168 of that act provides, that "any city, or incorporated town or village, may, if it so determine by ordinance, adopt the provisions of this article (article 9) without adopting the whole of this act; and where it shall have so adopted this article, it shall have the right to take all proceedings in this article provided for, and have the benefit of all the provisions hereof."

It is strenuously insisted that the town of Lake is neither a city nor village, and that the words, "incorporated town," must be construed to designate an incorporation other than that of a city or village, and that, as to such incorporation, this provision is unconstitutional, inasmuch as the title of the act limits its subject matter to cities and villages, and does not refer to incorporated towns.

The word "town," as found in our statutes, is not always used in the same sense. In the act relating to township organization, it is provided, that counties adopting that system for the management of county affairs shall be divided "into towns," (section 5, page 1067, Rev. Stat. 1874,) consisting, generally, of a township according to the government surveys. These towns are a species of municipal incorporations, and constitute an integral part of the county, and are closely interwoven with the management of county affairs. In the statute found in Revised Statutes of 1845, page 111, the word "town" is used in a very different sense. It there plainly means a village, or a small collection of residences, and by that act it is provided, that the inhabitants of any such town may, under certain circumstances, "become incorporated for the better regulation of their internal police," under the management of a board of trustees, with capacity to sue and be sued, to keep a record of their proceedings, and with power to make by-laws and ordinances, to prevent nuisances, to prohibit gam-

bling and other disorderly conduct, to prevent fast driving and indecent exhibitions, to license public shows, to regulate markets, to sink public wells, to keep open and repair streets, to protect the town from fires, to levy and collect taxes, to enforce their ordinances, etc. Such an organization, in our statutes, was, formerly, always called " an incorporated town," but in our later statutes they are sometimes called villages, and their trustees are called village trustees.

An examination of the special charter of the town of Lake (4th vol. Special Laws of 1869, page 324,) shows it to be a municipal corporation of the latter character, and, in so far as its organization under that charter is concerned, it is merely an incorporated town, or, in other words, "an incorporated village."

Before that charter was enacted, the town of Lake was merely a municipal corporation under the laws relating to township organization. By this charter, the inhabitants of that town took another form of corporate existence, and became, also, in contemplation of law, what, in the Revised Statutes of 1874, is known as a village. By that charter, this municipality was organized for the better regulation of their internal police. It had its board of trustees, who are its " corporate authorities," who, by the charter, have authority to keep a record of their proceedings, to make by-laws and ordinances of a police and sanitary nature, to make public improvements by special assessments, to impose taxes and collect them, to restrain and prohibit gaming and fraudulent devices, to license and regulate the selling of ardent spirits, to license and regulate tavern keepers, grocers, victualers, billiard tables, ten-pin alleys and shooting galleries, to prevent noise, disorder and riots, to suppress disorderly houses, and to exercise many other powers of the same character. All the powers are of the kind usually conferred upon cities or villages, and of the character conferred upon cities or villages by the general law of 1872, of which this article 9 is a part.

Before the adoption of our present constitution, many spe-

cial charters, conferring like powers, were granted by the General Assembly, and in most cases such corporations are called towns, but in some cases they are called villages; but the character and nature of these corporations, whether called, in their charters, towns or villages, were in all cases substantially the same. At the same session at which this charter of the town of Lake was revised, we find many of these town and village charters enacted. In the index to the volume of statutes in which this revised charter is found, and among the many acts to incorporate towns and to amend the charters of certain other towns, we find "An act to incorporate the village of Plainfield," (page 99,) and "An act to incorporate the village of Winetka," (page 221,) and "An act to amend the charter of the village of Lockport," and "An act" relating to "the village of Algonquin," (page 446). An examination of the charters of Plainfield, and of Winetka, and of Lockport, and of Algonquin, (towns which, in the statutes, are called villages,) shows that these charters, in all their material and distinguishing characteristics, are the same with the charters of the very numerous corporations called towns in their charters. It is also found that the charter of the town of Lake, in its material and distinguishing features, is essentially of the same character. We, therefore, hold that the town of Lake was, and is, a village, in the sense in which that word is used in section 168 of the general act of 1872 relating to cities and villages; that it, therefore, is one of the municipal incorporations which, by that section, are authorized to avail themselves of the provisions of article 9 of that act as an amendment to their charters.

Many other questions are raised by counsel for appellants, but all such have been determined by this court adversely to his positions, in the consideration of other cases, in which opinions have been filed since these cases were submitted.

The judgment in each of the above cases must be affirmed.

*Judgments affirmed.*

SCHOLFIELD, C. J., and WALKER, J.:  We are unable to concur in the decision announced in this case. We hold that the 168th section of the chapter entitled "Cities, Villages and Towns," has no application to incorporations like the town of Lake, and it had no power to adopt the 9th article of that chapter; that such corporations were not in the mind of the General Assembly in adopting the 168th section of that act, and it confers no power.