EDMUND A. CUMMINGS *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa, March* 31, 1893.

1. STATUTES — *whether special legislation — law depending on the population of a city.* Section 55 of the act of April 29, 1887, to amend article 9 of the Cities and Villages act, in force July 1, 1872, after providing that the amount of any special assessment for any local improvement in any city, incorporated town or village, may be divided into installments when so provided by the ordinance for the making of such improvement, and fixing the manner of payment of the same, etc., has this proviso: "Provided, that in cities containing a population of fifty thousand or more, this and the following sections shall not apply, except in cases where any such special assessment exceeds, in the aggregate, the sum of fifteen thousand dollars": *Held,* that the effect of the proviso is not such as to render the act special legislation within the meaning of section 22, article 4 of the constitution, and, therefore, void. The proviso can not, therefore, be rejected.

2. It has become the settled rule of construction in this State, that an act, general in its terms and uniform in its operation upon all persons and subject-matter in like situation, is a general law, and not obnoxious to the objection that it is local or special legislation. This case distinguished from *Devine* v. *Commissioners of Cook County,* 84

Ill. 590. In that case the power given by the act necessarily, not only by the limitation of population but by the wording of the statute and the purposes and objects declared, related to a single county.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Messrs. WILSON, MOORE & McILVAINE, for the plaintiffs in error.

Mr. JOHN S. MILLER and Mr. GEORGE A. DuPUY, for the defendants in error.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This proceeding is a special assessment by the city of Chicago, made under article 9 of the "Cities and Villages" act, divided into installments pursuant to the act of April 29, 1887, providing for such division in payment of assessments. The assessment aggregated over $300,000 and no objection is made thereto, other than its division into installments. The question presented is, whether section 55 of the act of April 29, 1887, entitled "An act to amend article 9 of an act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, in force July 1, 1872, by adding thereto the following sections" (paragraph 170a, 3 S. & C.) is in violation of the constitution. The objection to the act is, that, after providing that the amount of any special assessment for any local improvement in any city, incorporated town or village, may be divided into installments, when so provided for by the ordinance providing for said improvement and fixing the manner of payment of the same, etc., there is added: " Provided, that in cities containing a population of fifty thousand or more, this and the following sections shall not apply, except in cases where any such special assessment exceeds, in the aggregate, the sum of $15,000," thereby limiting the effect of the act so that in unincorporated towns and villages, of any population, it will apply to assessments irrespective of the amounts; and in cities contain-

ing less than fifty thousand population, the act will apply to all assessments, but in cities containing a population of fifty thousand inhabitants or more, the act shall not apply to assessments aggregating less than $15,000. It is objected that the effect of the proviso is, to create a classification of cities by population, and to render the act special legislation within the meaning of section 22, article 4 of the constitution.

That the act is general in its terms, authorizing the division into installments, of special assessments in any city, incorporated town or village within the State, is not questioned. And the question presented is, whether the limitation contained in the proviso, by which cities of fifty thousand or more inhabitants are excluded from the operation of the act, unless the assessment aggregates $15,000 or more, renders the act unconstitutional. The purpose of the constitutional provision was to correct the evils of special legislation generally, and to prevent, as far as practicable, dissimilarity in the organization and powers of cities, towns and villages, and to bring about uniformity in the charters of the municipalities of the State. It is evident, however, that the framers of the constitution, recognizing the dissimilarity in condition of the different municipalities, did not contemplate absolute uniformity. While it was provided that a general incorporation law was to be passed, it was within the contemplation of the constitution that cities, towns and villages might thereafter exist under dissimilar charters previously granted. And so we have held in numerous cases, that the general act for the incorporation of cities, towns and villages was not unconstitutional, although applicable to none of the cities, towns or villages of the State, until adopted by the same, and leaving it optional to adopt the general law or not, as the municipality might determine. In the case of *Knickerbocker* v. *The People,* 102 Ill. 218, the question was as to the validity of the act establishing probate courts, in all counties having a population of one hundred thousand or more, and the amendatory act of 1881, extending the

provisions of the former act, to all counties in the State having a population of seventy thousand or more; and it was held constitutional, notwithstanding section 20 of article 6 of the constitution, which declares: " The general assembly may provide for the establishment of a probate court in each county having a population of over fifty thousand;" and notwithstanding there were counties in the State containing a population of over fifty thousand and less than seventy thousand. And this notwithstanding the general words of the constitution that: " All laws relating to courts shall be general and of uniform operation." See, also, *Hawthorn* v. *People*, 109 Ill. 302; *People* v. *Hazelwood*, 116 id. 319; *Coal Run Co.* v. *Finlen*, 124 id. 666; *People* v. *Hoffman*, 116 id. 587; *West Chicago Park Com.* v. *McMullen*, 134 id. 170. In *Chicago West Park Com.* v. *McMullen*, an act was passed applying to cities having parks under the control of park commissioners. There was but one such city in the State. The act was, however, general in its terms, applicable to all cities that then had, or might thereafter have, parks under such control, in pursuance of the general park acts, and was held to be a general and not a local or special law. In *People* v. *Hazelwood*, the question was as to the validity of an act authorizing county boards, in counties under township organization, to create into a town " the territory embraced within any city in such county " * * * " provided such territory shall have a population of not less than three thousand," etc., and providing that " the territory of any city now organized, within the limits of any county under township organization, and not situated within any town, shall be deemed to be a town." The objection urged was, that the law was local or special, " in that the townships affected by the act are essentially different from townships existing in territory unaffected by the act, and that it is, for that reason, unconstitutional." And it was held, that classification, owing to the different conditions affecting towns situated in cities, and those lying wholly in the county, was not only allowable, under the constitution, but to a large extent inevitable from such

conditions and circumstances. Without further examination of the cases, it is sufficient to say, that in all of them it has been determined and has become the settled rule of construction in this State, that an act, general in its terms, and uniform in its operation upon all persons and subject-matter in like situation, is a general law and not obnoxious to the objection, that it is local or special legislation.

It is, however, objected that the classification here made is upon the basis of population only, and the case of *Devine* v. *Commissioners of Cook County*, 84 Ill. 590, where it was held that an act "designating counties as a class according to a minimum population, which makes it absolutely certain but one county in the State can avail of the benefits of a law applicable to such class, can not but be regarded as a mere device to evade the constitutional provision forbidding special legislation," is cited as holding that a classification upon that basis necessarily brings the law within the prohibition of the constitution. It was there said, that the act by its "very terms precludes it from having any application to any county except the county of Cook." And the court say farther: "That it is a 'local or special law,' applicable only to Cook county, is a proposition so plain it will bear no discussion." We, by no means, intend to depart from the holding in that case. The legislature may not do by indirection what it is prohibited from doing by the constitution. There the power given by the act, necessarily, not only by the limitation of population, but by the wording of the statute and the purposes and objects declared, related to the single county. And moreover the right to exercise the powers granted was limited to six years, within which time it was impossible that any other county could reach the population designated. Numerous instances might be given where classification by population has been held valid, but perhaps one will suffice. Section 1, of article 4, of the constitution provides that judicial power "shall be vested in one Supreme Court, circuit courts, county courts,

\*   \*   \*   and in such courts as may be created by law in and for cities and incorporated towns." By the act entitled "Courts," in force July 1, 1874, it is provided that: "A city court, consisting of one or more judges, not exceeding five, and not exceeding one judge for every fifty thousand inhabitants, may be organized and established under this act in any city which contains at least three thousand inhabitants," etc., and such courts are given concurrent jurisdiction with circuit courts within the territorial limits prescribed by the act. Such courts have been established in various cities of the State, and the legality of their organization and jurisdiction maintained. *People* v. *Aurora,* 84 Ill. 157; *Hercules Iron Works* v. *J. E. & E. Ry. Co.,* 141 id. 491. In numerous other cities of the State having the requisite population no such courts have been organized. It is apparent that, under this legislation, the classification is by population. Other instances will readily suggest themselves.

We need not pursue this branch of the subject-matter farther. The subject-matter of the proviso is so intimately connected with that of the act itself that it can not be presumed the legislature would have passed the one without the other. They are so essentially connected in substance that it must be presumed that the legislature intended the enactment to take effect in the manner prescribed. The proviso can not, therefore, be rejected. Cooley's Const. Lim. \*178, and cases cited. Before the court will be justified in declaring the act void, because in conflict with the constitutional provision, the repugnance must be clear and irreconcilable. When the act under consideration was passed, the proviso was presently applicable to at least two of the cities of the State; that is, the city of Chicago and the city of Lake View, whilst other cities of the State, if they had not then reached the limit of population fixed by the proviso, were pressing closely upon it, and in the near future the proviso would become applicable, in the natural course of events, to such cities also. The legislature, for rea-

sons appearing satisfactory to it, saw fit not to apply to the smaller assessments, in the larger cities of the State, the somewhat cumbersome mode of collecting the same, provided for in the act under consideration. Whether this was wise or unwise is a question for legislative consideration. Reasons for the distinction existing, in the legislative contemplation, it was lawful for the legislature to thus discriminate, if enacted into a general law, uniform in its application to all cities of the State similarly situated. We are of opinion that the act, considered as a whole, is not in conflict with the constitution, and may be enforced in all the towns, cities and villages of the State.

The judgment will be affirmed.

*Judgment affirmed.*