THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY

*v.*

ADELINE GREER.

*Opinion filed October 23, 1906.*

1. CONSTITUTIONAL LAW—*what is not a delegation of legislative functions.* A provision of a statute that the final operation thereof may be made to depend upon some contingency, as the vote of the electors of the territory in which the law is to operate, is not a delegation of legislative functions to the electors or to corporate officials of the territory or municipality.

2. SAME—*the act of 1874, relating to city courts, is not unconstitutional.* The act of 1874, relating to courts of record in cities, (Rev. Stat. 1874, p. 345,) is not special or local legislation in that it restricts the organization of city courts to cities having not less than three thousand inhabitants, since the classification by population is justified by the fact that the necessity for additional courts bears a reasonable and natural relation to the number of inhabitants of a municipality.

3. SAME—*act of 1874, relating to city courts, is a general law.* The act of 1874, relating to city courts, applies to all cities in the State having a population of not less than three thousand, provides for courts of the same jurisdiction and authority and provides but one mode of determining the number of judges, and neither the original act, nor section 21 as amended in 1901, (Laws of 1901, p. 140,) is in violation of section 39 of article 6 of the constitution, requiring all laws relating to courts to be general and uniform.

4. SAME—*legislature has power to authorize establishment of city courts in Cook county.* Sections 23 to 26 of article 6 of the constitution, relating to courts of Cook county, do not limit or restrict the power of the legislature, under section 1 of article 6 of the constitution, to provide by law for the establishment of city courts in Cook county.

WRIT OF ERROR to the City Court of Chicago Heights; the Hon. HOMER ABBOTT, Judge, presiding.

JESSE B. BARTON, for plaintiff in error.

LINDHOUT & LINDHOUT, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This writ of error challenges the constitutionality of the act of the General Assembly adopted March 26, 1874, entitled "An act in relation to courts of record," (1 Starr & Curt. 1200,) and also the constitutionality of section 21 of the original act as amended by the act of May 10, 1901. (Hurd's Stat. 1905, p. 631.)

Section 21 of the act provides: "A city court consisting of one or more judges, not exceeding five, and not exceeding one judge for every fifty thousand inhabitants, may be organized and established under this act in any city which contains at least three thousand inhabitants, whenever the common or city council shall adopt an ordinance or resolution to submit the question, whether such court shall be established, consisting of one or more judges, not exceeding five, as may be specified in such ordinance or resolution, to the qualified voters of such city; and two-thirds of the votes cast at such election shall be in favor of the establishment of such court."

It is contended that the act delegates to city councils the power (1) to ascertain whether the city contains at least three thousand inhabitants; (2) to determine as to the advisability or necessity of the establishment of a city court in the municipality; (3) to determine how many judges shall be in the city court; and that the powers so attempted to be delegated are legislative in character and must be exercised only by the legislature.

The population of a city may be ascertained by the exercise of ministerial acts alone, hence that objection is groundless. This court is committed to the view that the provision in an enactment that the final operation thereof may be made to depend upon some contingency, as the vote of electors of a given territory within which the law is to operate, or some like contingency, is not the delegation of legislative functions to electors or to corporate officials of the territory or municipality. (*Home Ins. Co.* v. *Swigert,* 104 Ill. 653.)

The courts of sister States have declared the same doctrine. *State* v. *Sullivan,* 67 Minn. 34; *Moers* v. *Reading,* 21 Pa. St. 202.

The contention that this doctrine has application only when the enactments are local in their operation and directly affect the people, only, to whom they are referred for approval or rejection, if conceded, would not render the enactments under consideration unconstitutional, for the reason the direct operation of the subject of the act is restricted to the inhabitants of the city or those voluntarily within its territorial limits. The act is not local or special legislation because the cities in which city courts are created are restricted to those having not less than three thousand inhabitants. The classification of municipalities, for purposes of legislation, on the basis of population was considered and approved in *Cummings* v. *City of Chicago,* 144 Ill. 563, and the subject was there fully discussed and the discussion need not be here repeated. The necessity for additional courts may arise because of the number of inhabitants in a city, and thus the classification be justified. When the classification on the basis of population has reasonable relation to the purposes and objects of the legislation, the act is not within the constitutional prohibition against local or special laws. *People ex rel.* v. *Knopf,* 183 Ill. 410; *L'Hote* v. *Village of Milford,* 212 id. 418.

The argument that city courts, under the act now being considered, are created by the officials and voters of the municipality is not sound. It is the act of the legislature that creates the city court,—not the act of the city council or the vote of the electors. The action of the city council, and the election held in pursuance thereof, are but the contingencies upon which the enactment comes into operation in any given city.

Section 39 of article 6 of the constitution, which provides that all laws relating to courts shall be of general and uniform operation, is not infringed by the act under considera-

tion.    The act provides for courts of the same jurisdiction
and authority in all cities in the State of the same popula-
tion.    The operation of the act is uniform and general in all
cities in which its provisions come into operation.    There is
but one mode of determining the number of judges in the
different city courts, and no lack of uniformity or generality
of provisions appears in this respect.

Nor do we think there is any force in the contention that
the General Assembly was wanting in power to establish city
courts in any city of Cook county.    The argument of counsel
for plaintiff in error seems to be based on expressions in the
opinion of this court in *Missouri River Telegraph Co.* v.
*First Nat. Bank of Sioux City,* 74 Ill. 217, in which we de-
clared that the judicial power of the State was to be found
expressed in section 1 of article 6 of the constitution, and
that this section exhausted the judicial power of the people
of the State, fully disposing of such power and leaving no
residuum.    Section 23 and to and including section 28 of
said article 6 of the constitution are grouped under the head-
ing "Courts of Cook County."    Following the reasoning in
*Missouri River Telegraph Co.* v. *First Nat. Bank, supra,* it
is insisted these sections expressed the judicial power of the
people of the State as to Cook county.    Section 26 of said
article 6 relates to the then existing "recorder's court of
the city of Chicago," changes the name of that court to the
"criminal court of Cook county," and continues the court
in existence under such last mentioned name, with powers
and jurisdiction identical with the powers and jurisdiction
granted to city courts under the act under consideration.

It is argued that sections 23 to 26 exhausted the judicial
power as to courts in Cook county, and that the provisions
with relation to "recorder's court of the city of Chicago,"
whereby the same was merged into the "criminal court of
Cook county" and given power and jurisdiction throughout
the county, forbade the creation by the legislature of any
other court in Cook county having like power and jurisdic-

tion as given the criminal court of Cook county by section 26 of article 6. Section 1 of article 6 of the constitution is as follows: "The judicial powers, except as in this article is otherwise provided, shall be vested in one Supreme Court, circuit courts, county courts, justices of the peace, police magistrates and such courts as may be created by law in and for cities and incorporated towns." Here is ample power for the creation of city courts by the legislature. Section 26 of the same article 6 does not intend, or by fair implication create, any restriction or limitation on the power expressed in said section 1. The two sections construed together may both be given operation. We see no difficulty in so considering the two sections and giving them both full effect.

The judgment appealed from must be and is affirmed.

*Judgment affirmed.*