THE TOWN OF CICERO, Appellant, *vs.* JOSEPH F. HAAS, County Clerk, Appellee.

*Opinion filed April 8, 1910.*

1. CONSTITUTIONAL LAW—*classification used in Revenue law amendment of 1909 is valid.* The classification of counties, cities, villages and towns by population, used in the amendment of section 2 of the act relating to the levy and extension of taxes, (Laws of 1909, p. 323,) has a reasonable relation to the purposes and objects sought, based on a difference in the situation or condition of the municipalities of the different classes, and does not render such amendment void. (*Booth* v. *Opel, ante,* p. 317, adhered to.)

2. SAME—*amendment of 1909 concerning extension of taxes does not improperly delegate taxing power.* That part of amended section 2 of the act concerning the levy and extension of taxes (Laws of 1909, p. 323,) which requires the county clerk to ascertain which taxing district or municipality has the highest aggregate per cent of tax levies and requiring him to reduce this highest aggregate to three per cent, thereby fixing the county rate and certain other rates, merely limits the amount the various taxing authorities may levy, and does not delegate to one district the power to indirectly fix the tax rates of other districts.

3. SAME—*the act of 1909 will not give rise to different rates in different parts of same school district.* The amendment of 1909 will not give rise to a different tax rate if a school district is partly within and partly without the limits of a city, since all territory within a city of over 100,000 inhabitants constitutes one school district, and in cities of less than 150,000 the tax rate for educational purposes cannot be reduced below one and one-half per cent, which is the maximum amount for such purposes which any school district may levy.

4. TAXES—*1909 amendment of act concerning levy and extension of taxes construed.* The words "incorporated villages," used in section 2 of the amendment of the act concerning the levy and extension of taxes, (Laws of 1909, p. 323,) include "incorporated towns," and the county clerk, before figuring the reduction of the tax rate referred to in such section, should exclude the taxes of incorporated towns the same as those of incorporated villages.

5. SAME—*effect on local taxes of single district if taxes are reduced below three per cent.* If the reduction of a tax covering a number of taxing districts has the effect of reducing the taxes in a single district below three per cent the local taxes in such district will not be reduced at all, as the taxes for a single district are only to be reduced where the aggregate exceeds three per cent.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

JOHN J. SHERLOCK, (F. W. WINKLER, of counsel,) for appellant.

HARRY A. LEWIS, County Attorney, and WILLIAM F. STRUCKMANN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, the town of Cicero, an incorporated town in Cook county, filed a petition in the circuit court of that county praying for a writ of *mandamus* to compel respondent, the county clerk, to extend certain town taxes certified by the public authorities ·of that town for the year 1909. The petition states that the county clerk, under the provisions of an act of the General Assembly approved June 14, 1909, in force July 1, 1909, amending section 2 of "An act concerning the levy and extension of taxes," (Laws of 1909, p. 323,) reduced the town taxes. The county clerk answered, admitting the reduction as alleged. After issues had been joined, the circuit court, on hearing, denied the petition for the writ and entered judgment against the petitioner for costs. From that judgment this appeal was prayed.

It is earnestly insisted by the appellant that the entire amendment to the Revenue law, under which the clerk acted in reducing the taxes in question, is unconstitutional. Most of the reasons urged in favor of this contention have been fully considered by this court in *Booth* v. *Opel,* (*ante,* p. 317.) In view of the importance of the questions from a public standpoint we have re-examined the arguments advanced but find no reason to change the conclusions reached in that case. It is therefore unnecessary to discuss the questions there decided. The classification, in this amendment, of counties, cities, villages and towns by popu-

lation has a reasonable relation to the purposes and objects sought, based on a difference in the situation or condition in the municipalities of the different classes. (*Booth* v. *Opel, supra; Northwestern University* v. *Village of Wilmette,* 230 Ill. 80; *Chicago Terminal Transfer Railroad Co.* v. *Greer,* 223 id. 104.) There are, however, certain questions raised in this case that were not raised or not involved in *Booth* v. *Opel,* which it is necessary to consider.

Section 2 of the amendment states that the county clerk must ascertain the rates per cent required as to the property "in the respective towns, townships, districts, incorporated cities and villages in his county : * * * *Provided, however,* that if the aggregate of all the taxes (exclusive of State taxes, village taxes, levee taxes,) * * * certified to be extended against any property in any part of any taxing district or municipality, shall exceed three per cent of the assessed valuation," then the rate of tax levy shall be reduced in a certain way. It will be noted that there is no reference, in specific terms, to an "incorporated town." It is contended by appellee's counsel here that incorporated towns are not included in any of the terms of the above section, either in the word "towns," "townships," "districts" or "villages," and that the county clerk, in figuring the reduction of the taxes, properly included the town tax of the appellant corporation. In our opinion a proper construction of the law requires the clerk to exclude the town taxes of this incorporated town before figuring the reduction of the rate referred to. This court has held that an incorporated town and an incorporated village may mean one and the same thing; that the terms "town" and "village" are frequently synonymous in law. (*Martin* v. *People,* 87 Ill. 524; *People* v. *Village* of *Harvey,* 142 id. 573; *Phillips* v. *Town of Scales Mound,* 195 id. 353; *People* v. *Pike,* 197 id. 449.) The Supreme Court of the United States has sanctioned this construction as applied to the laws of this State. *Enfield* v. *Jordan,* 119 U. S. 680.

It is argued, however, by counsel for appellee, that it is clear the word "towns" is used in this amendment with a different meaning from "townships," and therefore necessarily different from the meaning of "incorporated villages," and as the word "town" is not used at all in the proviso quoted, the legislature could not have intended, by the use of the term "village taxes," to exclude the town taxes of an incorporated town before the reduction of the rate. The words "town" and "township" may be, and frequently are, used as meaning the same thing. (*Phillips* v. *Town of Scales Mound, supra;* 26 Am. & Eng. Ency. of Law,—2d ed.—p. 284, and cases cited; *Harris* v. *Schryock,* 82 Ill. 119; 8 Words and Phrases, 7028.) We think they were so used in this law, and that the words "incorporated villages" were intended to include "incorporated towns." The town taxes should not have been reduced by the county clerk, and should not have been included by him in making up the aggregate of the taxes to be reduced under said act.

It is further urged by counsel for appellant that the act is unconstitutional because it purports to classify school districts into two classes, namely, those in cities of more than 150,000 and those in cities of less than 150,000. The record shows that school district No. 100 is partly within the incorporated town of Cicero and partly within the incorporated city of Berwyn. If the contention of the county clerk were upheld, that part of the district in the city of Berwyn would have its school rate fixed as being in a city of less than 150,000 people, while that part in the incorporated town of Cicero would not have its school rate fixed in this manner. In view of the holding that we have made, that the words "incorporated villages" include also "incorporated towns," it necessarily follows that as the incorporated town of Cicero and the city of Berwyn are both included in cities and villages of less than 150,000, the tax rate for school purposes in the entire district would be the same. Therefore the argument of the appellant as to

the unconstitutionality of the law on this ground is without force.

The argument that there might be a school district partially within a city of over 150,000 inhabitants and partially outside of such city, in either incorporated or unincorporated territory, and therefore the law would be unconstitutional because there would be one rate in that portion within the city and another rate in that portion outside of the city, is without force. The general School law provides that all the territory within a city of over 100,000 inhabitants shall be one school district. (Laws of 1909, sec. 128, p. 379.) Hence there can be no school district partially within and partially without a city of over 150,000 inhabitants. Neither is there any force in the argument that the law is unconstitutional because there may be a school district partially within a city of less than 150,000 inhabitants and partially outside of such city in unincorporated territory. The maximum tax that can be levied for educational purposes under the general School law in any district, village or city cannot exceed one and one-half per cent. (Laws of 1909, sec. 189, p. 394.) In the amendment objected to, the tax rate for educational purposes in cities of less than 150,000 inhabitants cannot be reduced below one and one-half per cent. Therefore, if there be a district partially within a city of less than 150,000 inhabitants and partially outside of such city in unincorporated territory the rate will be the same for the entire district, as it can not be more than one and one-half per cent under the general School law and is not required to be reduced less than that rate by this amendment.

It is further argued that the amendment is unconstitutional because it delegates power to tax to other corporate or municipal organizations rather than the one which has the authority to levy the taxes. That part of the statute which it is claimed does this reads: "The county clerk shall reduce the rate per cent of the tax levy of such tax-

ing district or municipality in the same proportion in which it would be necessary to reduce the highest aggregate per cent of all the tax levies, [exclusive of certain taxes, naming them,] certified for extension upon any of the taxable property in said taxing district or municipality, to bring the same down to three per cent of the assessed value of said taxable property upon which said taxes are required by law to be extended," etc. The county clerk must ascertain which taxing district or municipality has the highest aggregate per cent of tax levies. He thereupon reduces this highest aggregate to three per cent, in accordance with the provisions of the statute, and thereby fixes the county rate and certain other rates. This county rate so fixed must apply throughout the county, and the rates for the other taxing districts must apply uniformly throughout such respective districts. In this way it may happen that the aggregate taxes in certain taxing districts are reduced not merely to three per cent, but below that amount. The argument against this provision of the statute is, that it permits the taxing district or municipality which has the highest aggregate per cent of tax levy to indirectly fix the rate for the county tax and other rates in certain taxing districts, and that this is a delegation of power, contrary to the constitution. We cannot yield our assent to this contention. The provision simply limits the various taxing authorities as to the amount that they may, respectively, levy. While the reduction of a tax covering a number of taxing districts may have the effect of reducing the taxes in a single district below three per cent, the local taxes levied in such district will not be reduced at all. The taxes applying to a single taxing district are only to be reduced where the aggregate exceeds three per cent.

It is urged that this law is impracticable and imposes unjust restrictions on the taxing bodies affected thereby. This argument must be addressed to the legislature. The courts can only pass upon the constitutionality of the law.

The county clerk having improperly reduced the town taxes of appellant, the judgment of the circuit court must be reversed and the cause remanded to that court, with directions for further proceedings in harmony with the views herein expressed.

*Reversed and remanded, with directions.*