THE PEOPLE ex rel. Edward Johnson, County Collector, Appellee, vs. THE DEKALB AND GREAT WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*effect of amendment of section 14 of the Roads and Bridges act in 1911.* The effect of the amendment of section 14 of the Roads and Bridges act, in 1911, was to do away with the necessity of there being some contingency upon which to base an additional road and bridge tax levy and to substitute therefor a reason certified by the highway commissioners to the board of town auditors and the assessor and consented to by them.

2. SAME—*effect of sections 13 and 14 of Roads and Bridges act as those sections now stand.* Since the amendment, in 1911, of section 14 of the Roads and Bridges act, the effect of sections 13 and 14 now is, that the highway commissioners may levy a tax of thirty-six cents on the $100 for road and bridge purposes and to pay outstanding orders, and that an additional tax, not exceeding twenty-five cents on the $100, may be levied for such purposes with the written consent of the board of town auditors and the assessor, upon the filing of a certificate by the highway commissioners stating the reason for such additional levy.

3. CONSTITUTIONAL LAW—*the legislature may classify cities on basis of population.* The legislature may lawfully classify cities on the basis of population and enact laws applicable to each class, provided there is a reasonable ground for the classification in view of the objects and purposes to be accomplished by the legislation.

4. SAME—*proviso to section 1 of the Hospital act, concerning taxes, is not invalid.* The proviso to section 1 of the Hospital act, added to such section in 1911, (Laws of 1911, p. 147,) to the effect that the annual hospital tax of three mills on the dollar shall not, in cities of over fifteen hundred inhabitants, be included

in the aggregate amount fixed by section I of article 8 of the Cities and Villages act which can lawfully be levied for all corporate purposes, exclusive of bonded indebtedness and interest, is not invalid, as being special legislation.

APPEAL from the County Court of DeKalb county; the Hon. WILLIAM L. POND, Judge, presiding.

FAISSLER & FULTON, for appellant.

EDWARD M. BURST, (H. T. SMITH, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an application by the county collector of DeKalb county, in the county court of said county, for judgment and order of sale for certain delinquent taxes for the year 1911. The DeKalb and Great Western Railroad Company appeared and filed objections to a portion of the road and bridge taxes levied in the townships of Cortland and DeKalb and against a tax levied in the cities of Sycamore and DeKalb for the benefit of a hospital fund in those cities, respectively. The objection made to that part of the road and bridge taxes in excess of thirty-six cents on the $100 in the two townships named raises but a single question, and that is, the sufficiency of the certificates of the highway commissioners under section 14 of the Road law as amended in 1911. The certificate for Cortland township stated "that by reason of the fact that we intend the coming year to place upon the public roads of said town a large quantity of washed gravel or crushed rock, a greater levy is needed than can be provided for by a rate of thirty-six cents on each $100 valuation." The board of town auditors and the assessor consented, in writing, to an additional levy of twenty cents on each $100 valuation, in which said consent the language quoted from the certificate of the highway commissioners was repeated.

In DeKalb township the highway commissioners certified "that by reason of the regular levy, as provided in section 13 of the Road and Bridge act, being insufficient to properly improve the roads now laid out, a greater levy is needed than can be provided for by a rate of thirty-six cents on each $100 valuation." The board of town auditors and the assessor of said DeKalb township filed a written consent to the levy of an additional fifteen cents on each $100 valuation, and stated the same reason that was given in the certificates of the highway commissioners. The objection to the additional levies is, that section 14 of the Road and Bridge act does not authorize an additional levy for the ordinary and usual purposes for which taxes might be levied under other sections of the statute, and particularly under section 13.

Section 14, prior to the amendment of 1911, provided that if in the opinion of the commissioners a greater levy is needed *in view of some contingency, they may certify,* etc. Under this statute numerous cases were presented to this court in which we were called upon to determine the sufficiency of certificates in respect to the statement of the "contingency" contemplated by said section. It was found difficult to establish a clear and workable rule which would enable the highway commissioners to determine whether a given necessity for an additional tax constituted a "contingency," within the meaning of section 14. In the greater number of cases that came before this court where it was sought to raise an additional road fund "in view of some contingency" the objection to the additional tax was sustained, for the reason that the supposed contingency was most usually a mere necessity for more funds for the usual and ordinary purposes of the road district. In 1911 the legislature amended section 14 by striking out the words "in view of some contingency," and added after the word "assessor," in the third line, "the reason therefor." In view of the construction placed upon the statute by this

court prior to this amendment, we are of the opinion that the legislature, by the amendment of 1911, intended to confer upon highway commissioners the power to levy an additional tax, not exceeding twenty-five cents on the $100, by procuring the consent of the board of town auditors and the assessor thereto, for any purpose for which taxes might be levied under section 13, the only condition being that the certificate should state "the reason therefor." The limitation in section 13 of thirty-six cents on the $100 continues and will control unless the consent of the board of town auditors and the assessor is obtained for an additional levy, not exceeding twenty-five cents. The meaning of sections 13 and 14 as they now stand may be stated in one sentence, as follows: The board of highway commissioners may levy a tax upon the property of the town for road and bridge purposes and for the payment of outstanding orders drawn by them on their treasurer, not exceeding thirty-six cents on the $100, provided an additional levy, not exceeding twenty-five cents on the $100, may be levied by and with the consent of the board of town auditors and the assessor, which consent shall be given in writing, upon a certificate being filed, in which the reasons for such additional levy shall be stated. It was manifestly the intention of the legislature to make a substantial change in the law when it substituted a statement of the reasons for the levy for the words, "in view of some contingency." In both the certificates under which the additional levies were made the reasons for the same were stated. In the certificate for Cortland township the necessity for the additional levy grew out of the intention of the highway commissioners to place a large quantity of washed gravel or crushed rock on the roads of the township, and in DeKalb township the reason for the additional levy was that they could not raise sufficient funds, under the limitation in the thirteenth section, to properly improve the roads of the township. These were legitimate

purposes and the certificates are sufficiently explicit. The objections to the additional road taxes were properly overruled.

The cities of Sycamore and DeKalb each levied a tax for a hospital fund in addition to the limit fixed by section 1 of article 8 of the Cities and Villages act. That section limits the rate for all corporate purposes, exclusive of the amount levied for the payment of bonded indebtedness or interest thereon, to one and two-tenths percentum upon the aggregate valuation of all the property within such city or village subject to taxation. Section 1 of the act to enable cities to establish and maintain public hospitals, in force July 1, 1891, as amended in 1911, provides that the city council of each incorporated city having a population of less than one hundred thousand inhabitants shall have the power to establish and maintain a non-sectarian public hospital for the use and benefit of the inhabitants of such city, and to levy a tax, not to exceed three mills on the dollar, annually, to be known as the "hospital fund." In 1911 a proviso was added to said section, providing that in cities of over fifteen hundred inhabitants the hospital tax should not be included in the aggregate amount of taxes as limited by section 1 of article 8 of the Cities and Villages act,—or, stated in other words, the statute as amended authorizes the levy of the three mill hospital tax in addition to the one and two-tenths percentum in cities having a population of over fifteen hundred inhabitants. The effect of the amendment is to divide cities into two classes: those having over fifteen hundred inhabitants and those having less than that number. In the former class the statute authorizes the levy of the three mill hospital tax in addition to the amount limited for general corporate purposes in section 1 of article 8 of the Cities and Villages act, while in cities of less than fifteen hundred inhabitants the three mill hospital tax must be included in the amount limited by the Cities and

Villages act. Upon this classification appellant attacks the constitutionality of the proviso in the Hospital act. The ground upon which the validity of this amendment is challenged is that it is special legislation, and as such is obnoxious to section 22 of article 4 of the constitution. It is within the power of the legislature to classify cities on the basis of population and enact laws applicable to each class, where there is a reasonable basis for the classification in view of the object and purposes to be accomplished by the legislation. (*Chicago Terminal Railroad Co.* v. *Greer,* 223 Ill. 104; *Douglas* v. *People,* 225 id. 536.) It will be observed that the rate of taxes for hospitals in cities having more than fifteen hundred inhabitants is not increased by the amendment over the amount which may be levied in the other class of cities. While the legislature might classify cities because of the greater need in the larger ones for hospitals, still this is not the basis of this act, since one may levy as great a rate as the other, but we think there is a reasonable basis for the classification in that the larger cities require proportionately more revenue for general corporate purposes than those having a population of less than fifteen hundred inhabitants. The maintenance of streets, fire protection, police and lighting are corporate expenses which are higher in cities of the greater population, and furnish a substantial difference, based on population, for permitting the larger cities to levy the hospital tax in addition to the maximum rate allowed for general corporate purposes. The amendment to the Hospital act is not open to the objections urged against it. *Cummings* v. *City of Chicago,* 144 Ill. 563; *L'Hote* v. *Village of Milford,* 212 id. 418; *People* v. *Edmands,* 252 id. 108.

The judgment of the county court of DeKalb county is affirmed.

*Judgment affirmed.*