THE PEOPLE *ex rel.* J. E. Hatfield, Assessor, Plaintiff in Error, *vs.* GEORGE W. GROVER, Defendant in Error.

*Opinion filed February 20, 1913—Rehearing denied April 3, 1913.*

1. TOWNSHIP ORGANIZATION—*power of the legislature to provide for township organization.* The legislature is not restricted in regard to the terms and provisions of a township organization law, except that the law must be general, no two townships shall have the same name, the system must be adopted by a majority of the legal voters of the county, the holding of the annual town meeting must be uniform throughout the State, and the fees of township officers must be fixed and regulated by general law.

2. SAME—*a town under township organization is a civil subdivision of the county.* A town under township organization is a civil subdivision of the county and the county is an involuntary political or civil subdivision of the State, created by statute to aid in the administration of government.

3. CONSTITUTIONAL LAW—*municipal corporations are subject to legislative control.* All municipal corporations are subject to legislative control, and may be divided, changed, enlarged or abolished as the exigencies of the public may demand, the only restriction upon such power being that no local or special law shall be enacted with reference to them.

4. SAME—*what does not make a law local.* A law is not local because it operates only in certain municipalities of the State, if by its terms it operates uniformly throughout the State upon all municipalities under like circumstances and situation.

5. SAME—*act for organizing territory of a city into township, as it stood before the amendment of 1903, is constitutional.* The act of 1877, providing that the county board, upon the request of a city, may organize the territory of the city into a township, provided such territory shall have a population of not less than three thousand, is constitutional. (*People* v. *Brayton,* 94 Ill. 341, and *People* v. *Hazelwood,* 116 id. 319, adhered to.)

6. SAME—*the proviso of 1903 to act for organizing territory of city into township is not invalid.* The proviso, added in 1903 to the act of 1877, (Hurd's Stat. par. 136, p. 2341,) that whenever the territory of any city of a population of not less than fifteen thousand shall be composed of portions of two or more townships, the county board shall, upon request of the city, organize the territory of the city into a new township, is not invalid, as being based upon an unreasonable and arbitrary classification.

7. SAME—*word "city," used in proviso of 1903, includes incorporated towns.* The word "city," used in the proviso added in 1903 to the act of 1877, authorizing the organization into a new township of the territory of any city having not less than fifteen thousand inhabitants and composed of portions of two or more townships, must be held to include incorporated towns or villages of the population specified, and the proviso is therefore not invalid, as embracing cities, only. (*People* v. *Fox,* 247 Ill. 402, distinguished.)

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

W. H. STEAD, Attorney General, (STONE, OGLEVEE & FRANKLIN, of counsel,) for plaintiff in error.

BARRY & MORRISSEY, A. W. PEASLEY, and W. R. BACH, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an information filed in the circuit court of Mc-Lean county on motion of the Attorney General, against the defendant in error, George W. Grover, charging him with unlawful usurpation of the office of assessor of the alleged "Town of the City of Bloomington." The defendant in error filed a plea in which he set up that the city of Bloomington had a population of more than 15,000; that its territory was composed of parts of two townships; that its council, by resolution, requested the county board of said McLean county to organize the territory of said city of Bloomington into a separate township, by the name of "Town of the City of Bloomington;" that the county board granted said request; that said territory was duly organized as a new town under section 1 of an act which went into force July 1, 1877, as amended in 1903. (Hurd's Stat. 1911, p. 2341.) Plaintiff in error filed a demurrer to this plea, which, after argument, was overruled. He elected to stand by the demurrer, and thereupon the court dismissed

the petition. This writ of error was sued out from that judgment.

The principal contention in this case is whether said section 1 of said act of 1877, as amended in 1903, is constitutional. Said section reads as follows: "That the county board, in any county under township organization, may provide that the territory embraced within any city in such county shall be organized as a town: *Provided,* such territory shall have a population of not less than 3000: *And provided,* the city council in such city shall, by resolution, request such action by the county board: *And provided further,* that whenever the territory of any city of a population of not less than 15,000 shall be composed of portions of two or more townships, and shall by its council request, by resolution, the county board to organize it into a separate township, as aforesaid, and shall designate the name thereof, it shall be the duty of the county board to comply with such request and provide for such organization of said city into a new township under the name designated in such resolution of said city council." The last proviso was added by the amendment of 1903, the balance of the section reading the same as it did when originally passed in 1877. It is argued by counsel for plaintiff in error that the proviso is unconstitutional as special legislation, and, while insisting that it is not necessary for a decision of this case, they also claim that the entire section is unconstitutional for the same reason.

Concerning the limitations of the power of the legislature to enact a township organization law, it has been held that the law must be general; that no two townships shall have the same name; that the system must be adopted by a majority of the legal voters of the county; that the holding of the annual town meeting must be uniform throughout the State; that the fees of township officers must be fixed and regulated by general law; that aside from these limitations the legislature is not restricted in regard to

the terms and provisions of a township organization law. (*People* v. *Knopf*, 171 Ill. 191.)   A town under the township organization system is a civil subdivision of a county. A county is an involuntary political or civil division of the State, created by statute to aid in the administration of government.   (*People* v. *Martin*, 178 Ill. 611.)   All municipal or public corporations are subject to legislative control, and may be divided, altered, changed, modified, enlarged, restrained or abolished, as the exigencies of the public may demand.   The only restriction on that power is that no local or special law shall be passed with reference to them.  *City of Chicago* v. *Town of Cicero*, 210 Ill. 290, and cases cited; *Chalstran* v. *Board of Education*, 244 id. 470.

A law is not local because it operates only in certain municipalities of the State if by its terms it operates uniformly throughout the State under like circumstances and situation.   (*L'Hote* v. *Village of Milford*, 212 Ill. 418.) A classification of public corporations cannot be arbitrarily adopted.   "There must be some reasonable relation between the situation of municipalities classified and the purposes and objects to be attained.   There must be something, in the nature of things, which in some reasonable degree accounts for the division into classes."   (*People* v. *Knopf*, 183 Ill. 410.)   If all laws were held unconstitutional because they did not embrace all persons, few would stand the test.   A law is general, not because it embraces all of the governed, but that it may embrace all if they occupy the position of those who are embraced.   (*Hawthorn* v. *People*, 109 Ill. 302.)   A law which classifies cities, towns and villages on a basis of 5000 to 10,000 population as to regulating the plumbing business and maintaining a board of examiners for plumbers and issuing certificates has been held constitutional.   (*Douglas* v. *People*, 225 Ill. 536.) This court has repeatedly stated that additional powers may be required in cities for the performance of duties addi-

tional to those required in less populous centers. *People
v. Knopf, supra; L'Hote v. Village of Milford, supra;
Cummings v. City of Chicago,* 144 Ill. 563; *Northwestern
University v. Village of Wilmette,* 230 id. 80.

Section 1, before amended in 1903, has twice been held
constitutional by this court as not contravening said pro-
vision against special legislation as to towns. (*People v.
Brayton,* 94 Ill. 341; *People v. Hazelwood,* 116 id. 319.)
That this section was a valid enactment has also been rec-
ognized in *Tissier v. Rhein,* 130 Ill. 110, *People v. Chicago
and Alton Railroad Co.* 172 id. 71, *City of East St. Louis
v. Rhein,* 139 id. 116, and *Welsh v. Shumway,* 232 id. 54.

Counsel for plaintiff in error concede that this court has
held the original section constitutional, but insist that what
is said on that subject was not necessary for the decision
of either of said cases where that ruling was made. With
this we cannot agree. Without discussing this point at
length, the law was held constitutional in *People v. Bray-
ton, supra.* In *People v. Hazelwood, supra,* the very ques-
tion of special legislation was considered at length. On
page 328 of that decision it was said: "Again, the objec-
tion is urged that the law is local or special, in that the
townships affected by the act are essentially different from
townships existing in territory unaffected by the act, and
that it is for that reason unconstitutional. It will be ob-
served that this difference is merely in the instrumentalities
by and through which the general township system is en-
forced. The main object, evidently, is to reduce the num-
ber of officials required to carry on local government, and
to that extent to reduce expenses. It is assumed, and
rightly, as we think, that as regards the purposes of the
organization of townships and the administration of town-
ship government there is such a difference in the condi-
tions and relations of things within incorporated cities
from those in the country as in material respects makes
differences in the statutes applicable to the one and to the

other indispensable.    Thus, the construction and repairing
of roads, bridges, etc.; the regulation, restraint or prohibi-
tion of domestic animals running at large,   *   *   *   can
in the country be done only by the corporate authorities
of the townships, but in the cities these things fall entirely
within the powers of the municipal government.   *   *   *
So, also, there are other powers conferred upon towns by
the Township law which have relation only to the protec-
tion of the interests of agriculture in the country, the sub-
jects matter whereof are by the mere fact of the existence
of a city excluded from its limits.   *   *   *   Classification,
therefore, in our opinion, is not only allowable, but to a
large extent inevitable, between towns lying wholly in the
country and those the entire territory of which is covered
by an incorporated city, and we are, hence, unable to say
that a law applicable, as is this, to all townships the terri-
tory of which does not extend beyond the limits of the ter-
ritory of an incorporated city, is unconstitutional because
local or special." This decision on this question has never
been overruled or questioned by this court since that time.

From what was said in *People* v. *Brayton, supra,* and
later in *People* v. *Hazelwood, supra,* the legislature appar-
ently concluded that it was not clear from said section 1
that if a city contained portions of more than one township
its territory could be organized into a single town under
said section, and therefore the proviso was added by the
amendment of 1903 permitting the territory of cities of
not less than 15,000, when composed of portions of two or
more townships, to be organized as a single town.    Had
this amendment simply changed the first part of the section
so as to permit any city with not less than 3000, whether
it was situated in one or more than one township, to have
its territory set off into a single town, there could be no
question that under the former rulings of this court in *Peo-
ple* v. *Brayton, supra,* and *People* v. *Hazelwood, supra,*
such a statute would be constitutional.    How, then, can it

258 — 9

be argued that fixing the limitation at 15,000 instead of 3000 makes such a limitation arbitrary and unreasonable? Plaintiff in error argues that certain cities in the State have a population of 15,000 situated within a single township and that the proviso does not cover them. Plainly, the territory within any such cities can be organized into a single town under the first part of the section. Taking the section all together, therefore, it does not for this reason contravene the provision of the constitution as to special legislation. The classification is reasonable and constitutional.

In this connection it may be noted that plaintiff in error insists that the proviso is unconstitutional because the county board has no option in granting the resolution if presented in proper form, while the first part of the section says that the county board "may provide," leaving it optional with the board whether they shall allow the petition or not. Without passing on the question as to whether the first part of the section and proviso should be thus differently construed even if the proviso be construed as not giving the county board an option, that would not make it unconstitutional. *Town of Somonauk* v. *People,* 178 Ill. 631.

Counsel for plaintiff in error further strenuously insist that the section is unconstitutional because it applies only to cities and not to incorporated towns or villages of the specified population. They assert that this question as to this section was not considered in the cases already decided, and that therefore this court should now hold the section special legislation, as applying only to cities and not to incorporated villages and towns. The word "city" has been defined to mean an incorporated town. (6 Am. & Eng. Ency. of Law,—2d ed.—32, and cases cited.) "A city is a town incorporated." (1 Blackstone's Com.— Sharswood's ed.—114.) This court has said that it "would not be going too far to hold that the word 'city' included an incorporated town." (*Burke* v. *Monroe County,* 77 Ill.

610; *Bruner* v. *Madison County,* 111 id. 11.)   We have also held that an incorporated town and incorporated village may mean one and the same thing.   (*Town of Cicero* v. *Haas,* 244 Ill. 551, and cases cited.)   In popular use the difference between a city and an incorporated town is generally understood to consist in size and population.   Under the laws of this State there is no maximum limitation of population for a village, incorporated town or city, but there are certain conditions as to minimum population as to each of the three.   Plainly, by usage as well as by the great weight of authority, there is no explicit meaning in this country that can be given to the words "city," "village" and "incorporated town."   Frequently a reference is required to the context, and, in construing statutes, to the entire statute and the purpose for which it was passed. (1 Dillon on Mun. Corp.—5th ed.—sec. 32, note 1 ; 7 Cyc. p. 148, and cases cited.)   An act permitting cities and villages, but not towns, to construct and maintain drains was held constitutional.   (*Village of Hyde Park* v. *Spencer,* 118 Ill. 446.)   The act providing for commission form of government is limited to cities and villages having a population of not exceeding 200,000 and does not include incorporated towns, but is constitutional.   (*People* v. *Edmands,* 252 Ill. 108.)   So, also, a statute authorizing the creation of city courts in cities of less than 3000 is valid, although it does not, in terms, apply to incorporated villages and towns.   (*Chicago Terminal Railroad Co.* v. *Greer,* 223 Ill. 104.)   An act authorizing the city councils of cities of a certain size to levy a tax for the support of a public hospital has been held constitutional.   (*People* v. *DeKalb and Great Western Railroad Co.* 256 Ill. 290; *People* v. *Chicago Great Western Railroad Co.* id. 414.)   In none of these decisions was the question decided as to whether the word "city" included an incorporated town or village or whether the words "incorporated town" and "village" are synonymous.   After a consideration of said law of 1877, in

connection with various provisions of the Township Organization law, we are disposed to construe the word "city" in said section 1 and the proviso as including an incorporated town or village of the required population.

Plaintiff in error insists that such a conclusion is in conflict with the reasoning of this court in *People* v. *Fox,* 247 Ill. 402. We cannot so hold. In that case the court was construing section 16 of the Roads and Bridges law. That section contained three provisos. The first two used the words "village, town or city." The third used the word "cities," only, and this court held that the word "city," as used in this last proviso, did not apply to a village or incorporated town. Clearly, no other conclusion could be drawn, reading the whole section and provisos together. To hold on this question as contended by counsel for plaintiff in error would overrule a long line of decisions in this court and would be contrary to the great weight of authority in other jurisdictions.

The plaintiff in error further insists that the demurrer should have been sustained because, counsel argue, the plea to which it was filed shows, on its face, that the new Town of the City of Bloomington contains territory (two platted lots) which is within the limits of the city of Bloomington but not a part of said city, having never been annexed thereto or made a part thereof. These two lots are entirely within the boundaries or limits of the city of Bloomington and not on its border. Evidently the city authorities have understood and intended that these lots were a part of the territory of said city. From this record we are of the opinion that they are not only within the limits of said city but are a part thereof, and that the demurrer was properly overruled.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*